UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANTONIO GARCIA,<br><br>            Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>            Defendant. | No. CV 08-05644-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

   This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

   Plaintiff raises the following issues:

   1.   Whether the Administrative Law Judge ("ALJ") provided

        legally sufficient reasons for rejecting Mr. Garcia's testimony;

2. Whether the ALJ erred in failing to consider and evaluate the medical opinion of Dr. Anh Tat Hoang;

3. Whether the ALJ provided legally sufficient reasons for rejecting Dr. Daniel K. Chau's opinion;

4. Whether it was erroneous for the ALJ to ignore restrictions offered by Dr. Agustus Conduah; and

5. Whether the ALJ erred when she substituted her own opinion for that of a competent medical opinion.

(JS at pp. 3-26.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed.

**ANALYSIS**

**I**

**THE ALJ'S CREDIBILITY ASSESSMENT OF PLAINTIFF'S PAIN COMPLAINTS**

**IS NOT SUPPORTED BY CLEAR AND CONVINCING REASONS**

In her decision, the ALJ evaluated Plaintiff's subjective pain complaints, and found that while his medically determinable impairments could reasonably be expected to produce the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity ("RFC") assessment contained in the decision. (AR at 16.)

1  The ALJ then set forth the following factors in her credibility
2 assessment:
3    1.    The objective medical evidence does not fully support
4           Plaintiff's complaints (AR 16);
5    2.    Plaintiff's activities of daily living ("ADL") are
6           inconsistent with his pain complaints (Id.);
7    3.    Plaintiff proffered inconsistent statements regarding his
8           ability to walk particular distances (Id.);
9    4.    Plaintiff's reasons to not undergo a second shoulder surgery
10          are not credible (Id.);

12  The Commissioner argues in favor of the ALJ's credibility
13 assessment by stating that, "The fact that no doctor ever pronounced
14 Plaintiff disabled for any twelve-month period constitutes a specific
15 reason to reject his allegations." (Citing Matthews v. Shalala, 10
16 F.3d 678, 680 (9th Cir. 1993).) (JS at 8.) The Court will not consider
17 this asserted factor for two reasons. First, Matthews v. Shalala does
18 not, in fact, stand for the proposition that the failure of a
19 physician to pronounce a claimant disabled for a 12-month period is a
20 relevant factor to detract from a claimant's credibility as to
21 subjective pain. The context of that part of the discussion in the
22 opinion relates to the disability finding itself. Second, and equally
23 important, this was not a reason ever utilized by the ALJ in her
24 decision. This Court is constrained to review the four corners of
25 that decision. The Court cannot consider post-hoc contentions set
26 forth in briefing as constituting substantial evidence either
27 supporting or not supporting an ALJ's decision. See Connett v.
28 Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

3

1    The law governing credibility assessment is set forth in
2 regulations, Social Security rulings, and Ninth Circuit cases, and is
3 well understood.  In the absence of any evidence of malingering, a
4 claimant must have a medically determinable impairment that could
5 reasonably be expected to produce symptoms such as pain. (See 20
6 C.F.R. §404.1529(b).)  Thereafter, evaluation of the claimant's
7 credibility as to the extent of pain is based on consideration of
8 objective medical evidence, and on a series of credibility factors,
9 including ADL, location, duration, frequency, and intensity of pain or
10 other symptoms, precipitating and aggravating factors; the type,
11 dosage, effectiveness and side effects of any medication taken,
12 treatment other than medication received, any measures taken to
13 relieve pain; and other factors concerning functional limitations and
14 restrictions. (See 20 C.F.R. §404.1529(2)(3).)  If these subjective
15 allegations are rejected or depreciated, it must be by clear and
16 convincing evidence.  See Lester v. Chater, 81 F.3d 821, 934 (9th Cir.
17 1995).

18    The Court will examine the adequacy of the reasons relied upon by
19 the ALJ in her decision.

21    **A.   Activities of Daily Living.**

22    In her decision, the ALJ relied upon "evidence to show the
23 [Plaintiff] manages to maintain a fairly active lifestyle despite his
24 severe impairments." (AR 16.)  Drawing on statements made during his
25 orthopedic consultation as well as in his exertional activities
26 questionnaire, the ALJ noted that Plaintiff "reported he lives in a
27 house with his family and takes care of his own needs. (Citation.)
28 The [Plaintiff] also reported he can lift light house items and carry

4

1 | them from one room to the next. (Citation.) Furthermore, he testified
2 | he still drives." (Id.)

3 |     The Court is somewhat perplexed as to how an individual's ability
4 | to live in a house with his family, per se, detracts from his
5 | credibility as to pain complaints. It is not required that Plaintiff
6 | live in some sort of residential facility in which his pain can be
7 | treated. Moreover, an ability to lift light house items is not a
8 | reason to detract from credibility regarding pain. The ALJ fails to
9 | address Plaintiff's specific testimony, including his assertions that
10 | he was unable to use his right hand to eat (AR 41); that he could not
11 | use his right hand to care for his personal needs such as shaving (AR
12 | 43); that his wife assists him with his personal needs (Id.); that his
13 | shoulder and arms hurt and get worse when he walks (AR 42); and that
14 | he usually has pain at Level 8, reduced by medication to Level 4 (AR
15 | 46). Plaintiff is complaining of severe pain primarily centered in
16 | his right extremity. Indeed, he has never been inconsistent in
17 | reporting this pain. In the very Exertional Daily Activities
18 | Questionnaire referenced by the ALJ, Plaintiff clearly states that he
19 | can only lift light house items from one room to the next, and then
20 | only with his left hand. (AR 130.) Contrary to the ALJ's assessment
21 | that Plaintiff's ability to drive an automobile detracts from his
22 | credibility, he in fact stated in his Questionnaire that he only
23 | drives to go to doctors' appointments. (AR 130.) Finally, the Court
24 | fails to understand how these ADLs, which are obviously highly
25 | limited, constitute a "fairly active lifestyle." (See AR 16.)
26 | Moreover, the Court fails to understand how the limited activities
27 | described by Plaintiff are transferrable to a work setting under the
28 | RFC assessed by the ALJ.

1      The ALJ's second reason to reject the extent of subjective pain
2 proffered by Plaintiff was that he had offered inconsistent statements
3 about his ability to walk.  Thus, he testified during the hearing he
4 could walk only one block or at the most two (AR 42); on April 29,
5 2006, in a pain questionnaire, he indicated he could walk four to five
6 blocks outside his home (AR 120); and finally, on May 16, 2006 he
7 reported being able to walk two to three blocks outside his home. (AR
8 134.)

9      It is clear that these are de minimis variations, and it is
10 further significant that they were made on dates as much as two years
11 apart.  Plaintiff clearly conceded that his pain is greater when he
12 does not take medication.  Thus, whether he could walk two to three
13 blocks on May 16, 2006, and only one or two blocks on February 6,
14 2008, are differences which are so minimal as to be, essentially,
15 irrelevant to the credibility analysis.  The Commissioner recognizes
16 that symptoms may vary in their intensity, persistence and functional
17 effects, that they may worsen or improve with time, and that an
18 individual does not always allege or experience the same intensity,
19 persistence or functional effects from his symptoms. (See SSR 96-7p.)

20      Finally, the ALJ relied upon objective medical evidence as not
21 fully supporting Plaintiff's complaints.  Here, the ALJ devoted a
22 paragraph of her opinion to an analysis of magnetic resonance imaging
23 of Plaintiff's right shoulder done on January 25, 2006. (AR 16.)
24 While the ALJ set forth a brief summary of the MRI findings, the Court
25 fails to understand how this evidence detracts from Plaintiff's
26 credibility, especially with regard to pain complaints he asserted in
27 his right extremity.  Furthermore, the ALJ seemingly relies upon
28 Plaintiff's reluctance to undergo another shoulder surgery, despite

6

his unrebutted testimony that the first surgery had worsened his condition. (AR 46, 139.) The ALJ does not address this, but it would seem to provide an adequate reason for Plaintiff's reluctance to undergo another surgery. (See also 20 C.F.R. §404.1530(c)(3).)

For the foregoing reasons, the Court finds that the ALJ's credibility assessment fails to meet legal requirements. On remand, Plaintiff's credibility will be reassessed de novo under the proper standards.

## II

### THE ALJ FAILED TO FULLY ACCOUNT FOR THE FUNCTIONAL LIMITATIONS ASSESSED BY DR. HOANG

In Plaintiff's second issue, he asserts that the ALJ failed to properly and fully evaluate Dr. Hoang's medical opinion. (AR 313-326.) In Dr. Hoang's April 12, 2007 report, after reviewing comprehensive medical records, he concludes that, based upon a right shoulder disability, Plaintiff is precluded from lifting greater than five pounds, pushing, pulling, work above shoulder level, and twisting and torquing. (AR 323.)

The ALJ failed to specifically address the functional limitations in Dr. Hoang's report (see AR at 16); however, she assessed an RFC which limited Plaintiff to lifting and/or carrying five pounds with the upper right extremity, to avoid climbing ladders, and precluded Plaintiff from reaching at or above shoulder level or power twisting or torquing with his right upper extremity. (AR 15.) Thus, while the ALJ seemingly adopted a substantial portion of Dr. Hoang's assessment of Plaintiff's functional limitations, she did not preclude Plaintiff from any pushing or pulling. Indeed, during lengthy examination and

testimony of the vocational expert ("VE"), no such limitations were posited in any hypothetical question. (See, generally, AR 49-54.) The core hypothetical posed by the ALJ to the VE limited an individual with a dominant upper right extremity to lifting and carrying only five pounds, to avoid reaching at or above shoulder level with the right upper extremity, to avoid power twisting or torquing with the right upper extremity, and not to climb ladders. (AR 49-50.) The VE clarified that with the injured right hand, the "main limitation" is lifting not over five pounds. (AR 51.) Further, that the individual would not be doing any power torquing or twisting. (Id.) The VE concluded that such an individual could do light assembly jobs "as long as he's not lifting over ten pounds." (AR 52.)

What is missing here is whether or not Plaintiff should be limited from pulling or pushing with his right extremity, and if so, whether that would impact the jobs available to him. Since the ALJ failed to address this part of Dr. Hoang's assessment, the Court has no basis upon which to determine whether the ALJ rejected such limitations, inadvertently omitted them, or whether, if they exist, they would impact the Step Five determination. Certainly, there is no question that Dr. Hoang's opinion is relevant evidence, and all relevant evidence must be considered if it is material. Whether there are limitations as to pulling or pushing may be material to the disability determination. For that reason, the omission of any analysis of this aspect of Dr. Hoang's opinion is error, and must be addressed on remand.

//

//

//

### III

### THE ALJ'S EVALUATION OF DR. CHAU'S OPINION IS LEGALLY INSUFFICIENT BECAUSE IT FAILS TO ACCOUNT FOR PLAINTIFF'S PAIN

Dr. Chau evaluated that Plaintiff is unable to sit, stand or walk during an eight-hour workday. (AR 327-328.) The ALJ rejected this conclusion in its entirety because, she found, it is inconsistent with medical records which only demonstrate that Plaintiff has a severe impairment of the right shoulder.

Plaintiff testified that the pain in his right extremity worsens with walking and standing. (AR 42.) He testified he can walk for a block or two, stand for 10 or 15 minutes and then must sit down, and can sit for half an hour to 40 minutes before his pain becomes unbearable. (AR 42-43.) Dr. Chau assessed limitations in Plaintiff's ability to sit, stand and walk, based on pain. As the Court has noted, the ALJ depreciated the effects of Plaintiff's pain, and this conclusion appears to have colored her evaluation of Dr. Chau's opinion. As the Court noted with regard to its determination of Plaintiff's first issue, on remand, the effects of Plaintiff's pain on his RFC must be evaluated. To that extent, since the ALJ rejected Dr. Chau's opinion without consideration of any impact of pain on Plaintiff's functional abilities, the decision was erroneous.

### IV

### THE COURT FINDS NO ERROR WITH REGARD TO THE ALJ'S EVALUATION OF DR. CONDUAH'S OPINION

Dr. Conduah was a consultative orthopedic examiner, and examined Plaintiff on September 9, 2006. (AR 16-17, 266-271.)

Dr. Conduah precluded Plaintiff from doing any reaching or

9

1  lifting with his right upper extremity. (AR 270-271.)  The ALJ's RFC
2  assessment precluded Plaintiff from engaging in any reaching at or
3  above shoulder level with the right upper extremity.  Plaintiff seems
4  to find a material distinction between a preclusion from reaching with
5  the right extremity, and a preclusion from reaching above shoulder
6  level.  Plaintiff calls this a "subtle difference." (JS at 23.)
7       In the context of the ALJ's decision, the subtle difference which
8  Plaintiff finds between Dr. Conduah's opinion and the RFC assessment
9  of the ALJ is de minimis at best.  The Court fails to see any material
10 distinction between the two conclusions, and therefore determines that
11 there was no error by the ALJ in her assessment of Dr. Conduah's
12 opinion.
13      Similarly, Plaintiff's fifth issue raises another immaterial
14 distinction.  Plaintiff argues that the ALJ restricted Plaintiff from
15 any power twisting or torquing with the right upper extremity without
16 any medical evidence to substantiate that exact restriction. (JS at
17 24, AR 15.)  The Court disagrees.  The ALJ relied upon both Dr.
18 Conduah's assessment and Dr. Hoang's assessment.  The inclusion of the
19 modifier "power" on the restriction from torquing and twisting is
20 immaterial.
21      For the foregoing reasons, this matter will be remanded for
22 further hearing consistent with this Memorandum Opinion.
23      **IT IS SO ORDERED.**

25 DATED: June 3, 2009                   /s/
                                    VICTOR B. KENTON
26                                  UNITED STATES MAGISTRATE JUDGE